# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **NATHAN REIGLE,** | : | **CIVIL NO. 1:16-CV-1177** |
| **Petitioner** | : | |
| | : | **(Chief Judge Conner)** |
| v. | : | |
| | : | |
| **MAHANOY STATE PRISON,** | : | |
| **PENNSYLVANIA DEPARTMENT** | : | |
| **OF CORRECTIONS, PA ATTORNEY** | : | |
| **GENERAL,** | : | |
| **Respondents** | : | |

## **MEMORANDUM**

Petitioner Nathan Reigle ("Reigle"), a state inmate presently confined at the Mahanoy State Correctional Institution, in Frackville, Pennsylvania ("SCI-Mahanoy"), initiated the instant petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 challenging his sentence imposed by the Northumberland County Court of Common Pleas.  (Doc. 1).  The petition has been given preliminary consideration and, for the reasons discussed below, the court will dismiss this action without prejudice.  See 28 U.S.C. § 2243.  See also R. GOVERNING § 2254 CASES R.4 (directing prompt examination of the petition and dismissal if it plainly appears that the petitioner is not entitled to relief).

**I.**     **Background**

On November 4, 2013, a criminal information was filed in the Court of Common Pleas of Northumberland County charging Reigle with theft by unlawful taking and receiving stolen property.  See https://ujsportal.pacourts.us, electronic

docket number CP-49-CR-0001020-2013. On April 21, 2014, Reigle entered a guilty plea to the charge of theft by unlawful taking. (Id.) The remaining charge was nolle prossed. (Id.) The court immediately sentenced Reigle to 11½ to 23 months' imprisonment, followed by 5 years' probation. (Id.) Reigle was thereafter granted parole. (Id.) On May 7, 2015, Reigle's parole was revoked and he was resentenced to serve the balance of his maximum sentence. (Id.) On December 1, 2015, Reigle filed a Notice of Appeal to the Pennsylvania Superior Court. (Id.) The appeal is currently pending in the Pennsylvania Superior Court. See id.; see also Commonwealth v. Reigle, 2122 MDA 2015 (Pa. Super. Dec. 9, 2015).

## II.     Discussion

A habeas petition may be brought by a prisoner who seeks to challenge either the fact or duration of his confinement. Preiser v. Rodriguez, 411 U.S. 475, 494 (1973); Tedford v. Hepting, 990 F.2d 745, 748 (3d Cir. 1993). United States Code Title 28, Section 2243 provides in relevant part that "A court, justice or judge entertaining an application for a writ of habeas corpus shall forthwith award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." Id. Further, habeas corpus petitions are subject to summary dismissal pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, which provides in pertinent part: "If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner." R. GOVERNING § 2254 CASES R.4. Although a *pro*

*se* habeas petition and any supporting submissions must be construed liberally and with a measure of tolerance, see Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998), Lewis v. Attorney General, 878 F.2d 714, 721-22 (3d Cir. 1989), United States v. Brierley, 414 F.2d 552, 555 (3d Cir. 1969), a federal district court can dismiss a habeas corpus petition if it appears from the face of the petition that the petitioner is not entitled to relief.  See Lonchar v. Thomas, 517 U.S. 314, 320 (1996); Siers v. Ryan, 773 F.2d 37, 45 (3d Cir. 1985).  See also 28 U.S.C. §§ 2243, 2254, 2255.  For instance, a petition may be dismissed without review of an answer "when the petition is frivolous, or obviously lacking in merit, or where . . . the necessary facts can be determined from the petition itself. . . . "  Allen v. Perini, 424 F.2d 134, 141 (6th Cir. 1970).

"An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that -- (A) the applicant has exhausted the remedies available in the courts of the State; or (B)(i) there is an absence of available State corrective process; or (ii) circumstances exist that render such process ineffective to protect the rights of the applicant."  28 U.S.C. § 2254(b)(1).  See Rose v. Lundy, 455 U.S. 509, 515 (1982); Lambert v. Blackwell, 134 F.3d 506, 513 (3d Cir. 1997) (finding that "Supreme Court precedent and the AEDPA mandate that prior to determining the merits of [a] petition, [a court] must consider whether [petitioner] is required to present [his or her] unexhausted claims to the [state's] courts").

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. See, e.g., O'Sullivan v. Boerckel, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); Lambert, 134 F.3d at 513 (collateral attack in state court is not required if the petitioner's claim has been considered on direct appeal); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented."). Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. Castille v. Peoples, 489 U.S. 346, 350 (1989); Picard v. Connor, 404 U.S. 270, 275 (1971). The petitioner generally bears the burden to prove all facts establishing exhaustion. Toulson v. Beyer, 987 F.2d 984, 987 (3d Cir. 1993).

Exhaustion is not, however, a jurisdictional requirement; rather, it is designed to allow state courts the first opportunity to pass upon federal constitutional claims, in furtherance of the policies of comity and federalism. See Granberry v. Greer, 481 U.S. 129, 131, 134-35 (1987); Rose, 455 U.S. at 516-18. Exhaustion also permits development of a complete factual record in state court, to aid the federal courts in their review. See Rose, 455 U.S. at 519. See also Walker v. Vaughn, 53 F.3d 609, 614 (3d Cir. 1995) ("The exhaustion rule also serves the secondary purpose of facilitating the creation of a complete factual record to aid the

4

federal courts in their review."). Consequently, a district court may use its inherent power to dismiss, *sua sponte*, a petition which concedes that the prisoner failed to exhaust his state court remedies and which facially violates a bar to suit. See Ray v. Kertes, 285 F.3d 287, 293 n.5 (3d Cir. 2002).

The instant petition, on its face, demonstrates that Reigle has failed to exhaust his state court remedies with respect to the present claims. He concedes that the direct appeal of his judgment of sentence is still pending in the Pennsylvania Superior Court. (Doc. 1 at 2, 12). At the time he filed this petition, Reigle had, and still has, an appeal pending in the Pennsylvania Superior Court. It is plain from the face of the petition that Reigle has not exhausted his state remedies. Federal courts typically dismiss without prejudice claims that have not been properly presented to the state courts, thereby providing petitioners with an opportunity to exhaust such claims. See Lines v. Larkins, 208 F.3d 153, 159-60 (3d Cir. 2000). See also Sherwood v. Tomkins, 716 F.2d 632, 634 (9th Cir. 1983) (stating that when "an appeal of a state criminal conviction is pending, a would-be habeas corpus petitioner must await the outcome of his appeal before his state remedies are exhausted"). Accordingly, the petition will be dismissed without prejudice for failure to exhaust state court remedies.

**III.    Certificate of Appealability**

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability ("COA"), an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254.  A COA may issue only if the applicant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  "A petitioner satisfies this standard by demonstrating that jurists of reason could disagree with the district court's resolution of his constitutional claims or that jurists could conclude the issues presented are adequate to deserve encouragement to proceed further."  Miller-El v. Cockrell, 537 U.S. 322 (2003).

"When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In the present matter, jurists of reason would not find the procedural disposition of this case debatable.  Accordingly, a certificate of appealability will not issue.

**IV.    Conclusion**

Based on the foregoing, the petition for writ of habeas corpus will be dismissed without prejudice.  An appropriate order shall issue.

                                                              /S/ CHRISTOPHER C. CONNER
                                                              Christopher C. Conner, Chief Judge
                                                              United States District Court
                                                              Middle District of Pennsylvania

Dated:        June 30, 2016